DENNIS, Justice,
dissenting.
I respectfully dissent.
The district court conscientiously applied the legal principles set forth by this Court in CTS Enterprises v. LPSC, 540 So.2d 275 (La.1989) and reasonably concluded:
Based on the CTS factors and the facts involved herein, the Court feels that the grant of the authority is not in the public interest and that the decision of the Commission should be overturned. Despite the fact that this involves only a limited number of shippers, two of them are major companies with a great deal of transportation needs. With regard to the fact that these shippers need timely and reliable service, the Court does not feel that the evidence supports the criterion that there is a deficiency in this area. Some of the shippers have not utilized all of the available shippers. Therefore, it is hard for the Court to find a great need for yet another transportation company. Macro made no showing that its prospective shippers found that existing carriers could not meet their particular needs and there is no showing that they lacked access to existing carriers.
Even though only one protestant company is currently used by a supporting shipper, this does not preclude the shippers from using these companies in the future. As shown by the evidence, some of the protestant carriers had been used in the past without complaint.
As noted earlier, the Court is not convinced that the denial of the application would cause adverse harm to Macro. There is little doubt that this industry is in a depressed status. All of the protestants. indicated that their revenue is down and that they need more business. Therefore, the Court concludes that even with the lesser standard applicable to contract carrier applicants, Macro has failed to sustain its burden of proving issuance of the permit is in the public interest.